IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:11-CV-023 -RLV-DCK

| | |
|---|---|
| ELIZABETH WARD NEWCOMB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding its status and schedule. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.

*Pro se* Plaintiff Elizabeth Ward Newcomb ("Plaintiff") filed this action on February 7, 2011, seeking review of a final determination of the Commissioner of Social Security. (Document No. 1). On June 29, 2011, the Court issued a "Pretrial Scheduling Order" (Document No. 9) requiring Plaintiff to file a motion for summary judgment and supporting memorandum on or before September 1, 2011. To date Plaintiff has failed to file a proper motion and/or memorandum supporting her claim.

This Court's review of a final decision of the Commissioner is limited to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). As previously noted by the Court, motions for summary judgment are routinely decided on the pleadings submitted; however, a party may request

a hearing of oral arguments by providing good reason for such hearing along with the party's memorandum of law. (Document No. 9).

On August 31, 2011, the undersigned issued an "Order" (Document No. 11) allowing Plaintiff additional time to October 14, 2011, to file her motion for summary judgment and supporting memorandum. On October 14, 2011, Plaintiff instead filed another letter with the Court. (Document No. 12). A liberal reading of Plaintiff's letter suggests that she seeks remand to an Administrative Law Judge ("ALJ") for a new hearing. Id. In addition, her letter seems to contend that: she was never allowed to explain her disability to the ALJ; blindness in her left eye has not been properly evaluated; relevant medical evidence is missing from the record; and her attorney committed significant errors. Id. Defendant timely filed its "Motion For Summary Judgment" (Document No. 15) and "Memorandum In Support..." (Document No. 16) on December 21, 2011.

Based on the foregoing, and allowing this *pro se* Plaintiff additional leeway, the undersigned will allow Plaintiff one final opportunity to file a motion for summary judgment and memorandum in support. Plaintiff's motion and supporting memorandum should discuss the relevant facts of this case and describe in detail whether substantial evidence supports the Commissioner's decision, and/or whether the Commissioner applied the correct legal standards in reaching his decision. Plaintiff may also identify and produce any alleged new or missing evidence that pertains to the relevant time period for determining her disability.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), as well as the "Pretrial Scheduling Order" (Document No. 9) in this case, the Court advises Plaintiff that she has a right to file a motion for summary judgment in this case. The Court also advises Plaintiff that failure to do so may result in Defendant being granted the relief it seeks, that is, entry of a judgment

that Plaintiff is not disabled.  Under the unique circumstances of this case, the Court will allow Defendant to file a response, if Plaintiff seizes the opportunity she is being allowed here.

**IT IS, THEREFORE, ORDERED** that Plaintiff may file a motion for summary judgment with a supporting memorandum on or before **March 7, 2012**.  Defendant shall file a response, or notice of intent not to respond, regarding any such filing on or before **March 16, 2012**.

Signed: February 16, 2012

David C. Keesler
United States Magistrate Judge