# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:11-CV-023-RLV-DCK

| | |
|---|---|
| ELIZABETH WARD NEWCOMB, ) ) Plaintiff, ) ) v. ) ) MICHAEL J. ASTRUE, ) Commissioner of Social Security, ) ) Defendant. ) ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion For Summary Judgment" (Document No. 15) and *pro se* Plaintiff's most recent letter to the Court. (Document No. 12). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the record, the parties' respective filings, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Complaint" (Document No. 1) be dismissed without prejudice, and Defendant's "Motion For Summary Judgment" be denied as moot.

## I. BACKGROUND

Plaintiff Elizabeth Ward Newcomb ("Plaintiff"), seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On June 6, 2006, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 *et seq.*, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383 *et seq.*, alleging an inability to work due to a disabling condition beginning January 15, 2003. (Transcript of the Record of Proceedings ("Tr.") 157-61). The Commissioner of Social Security (the "Commissioner" or

"Defendant") denied Plaintiff's application initially on September 29, 2006, and again after reconsideration on May 25, 2007. (Tr. 18). Plaintiff filed a timely written request for a hearing on July 18, 2007. (Tr. 18).

On November 19, 2009, Plaintiff appeared for a video hearing in Hickory, North Carolina, and the Administrative Law Judge Gregory M. Hamel ("ALJ") presided over the hearing from North Charleston, South Carolina. (Tr. 18). On December 11, 2009, the ALJ issued an unfavorable decision denying Plaintiff's claim. (Tr. 15-17). Plaintiff filed a request for review of the ALJ's decision on February 18, 2010, which was denied by the Appeals Council on December 11, 2010. (Tr. 1-3). The December 11, 2009 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. Id.

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on February 7, 2011. (Document No. 1). On June 29, 2011, the Court issued a "Pretrial Scheduling Order" (Document No. 9) requiring that Plaintiff "file a Motion for Summary Judgment and Supporting Memorandum of Law" on or before September 1, 2011.

Plaintiff's letter requesting a continuance of the case in order to get a lawyer and for extension of time to file a motion for summary judgment (Document No. 10) was filed on August 30, 2011. The undersigned granted Plaintiff's request, and extended Plaintiff's time to file a motion for summary judgment until October 14, 2011. (Document No. 11). The "Order" specifically provided that

> The undersigned will allow Plaintiff an extension of time to file her motion for summary judgment, with or without the assistance of counsel. Plaintiff's motion and supporting memorandum should discuss the relevant facts of this case and describe in detail whether substantial evidence supports the Commissioner's decision, and/or whether the Commissioner applied the correct legal standards in reaching his decision.

(Document No. 11). Plaintiff then filed another letter with the Court on October 14, 2011, requesting a new hearing. (Document No. 12).

"Defendant's Motion For An Enlargement Of Time To File A Motion For Summary Judgment" (Document No. 13) was filed on December 7, 2011, and granted by the Court that same day. (Document No. 14). Defendant's "Motion For Summary Judgment" (Document No. 15) and "Memorandum In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 16) were filed December 21, 2011.

On February 16, 2012, the Court entered an "Order" (Document No. 17) *sua sponte* noting that "[t]o date Plaintiff has failed to file a proper motion and/or memorandum supporting her claim." The Court's most recent Order then went on to instruct Plaintiff as follows:

> Based on the foregoing, and allowing this *pro se* Plaintiff additional leeway, the undersigned will allow Plaintiff one final opportunity to file a motion for summary judgment and memorandum in support. Plaintiff's motion and supporting memorandum should discuss the relevant facts of this case and describe in detail whether substantial evidence supports the Commissioner's decision, and/or whether the Commissioner applied the correct legal standards in reaching his decision. Plaintiff may also identify and produce any alleged new or missing evidence that pertains to the relevant time period for determining her disability.
>
> In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), as well as the "Pretrial Scheduling Order" (Document No. 9) in this case, the Court advises Plaintiff that she has a right to file a motion for summary judgment in this case. The Court also advises Plaintiff that failure to do so may result in Defendant being granted the relief it seeks, that is, entry of a judgment that Plaintiff is not disabled.

(Document No. 17). Plaintiff was allowed through March 16, 2012 to make an additional filing, but to date she has failed to make any further submission to the Court. Id.

## II. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, Plaintiff clearly expressed that she believes she is entitled to a new hearing; however, she has failed to set forth arguments describing how the Administrative Law Judge erred in either his consideration of the evidence or his application of the correct legal standards. (Document No. 12). Defendant, meanwhile, has submitted a "Motion For Summary Judgment" and "Memorandum In Support..." that appear to be well-reasoned and supported by relevant authority. (Document Nos. 15 & 16).

Under these circumstances, the undersigned has carefully weighed two possible recommendations: (1) dismissing Plaintiff's action without prejudice, for her failure to prosecute pursuant to the Court's "Pretrial Scheduling Order" (Document No. 9), and subsequent orders; or (2) construing Plaintiff's letter(s) as arguments for summary judgment and/or remand, and making a recommendation as to whether Defendant's "Motion For Summary Judgement" (Document No. 15) should be granted, and the Commissioner's decision affirmed. Neither choice is ideal; however, the undersigned is persuaded that the least risk for either party suffering an unjust result is presented by dismissal of this case without prejudice. If Plaintiff is able to secure counsel, or can otherwise more fully prepare her argument and adhere to the Court's requirements, she has the option to re-file her claim.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Complaint" be **DISMISSED WITHOUT PREJUDICE**; and that Defendant's "Motion For Summary Judgment" (Document No. 15) be **DENIED AS MOOT**.

## IV. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to *pro se* Plaintiff, counsel for Defendant, and the Honorable Richard L. Voorhees.

**IT IS SO RECOMMENDED**.

Signed: March 26, 2012

David C. Keesler
United States Magistrate Judge